JAMES F. COAN, RESPONDENT, v. PUBLIC SERVICE ELEC-
TRIC AND GAS COMPANY, APPELLANT.

E. HAINES HILLIARD, RESPONDENT, v. PUBLIC SERVICE
ELECTRIC AND GAS COMPANY, APPELLANT.

· Submitted January 27, 1928—Decided July 16, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK
and LLOYD.

501

502

For the appellant, *Henry H. Fryling.*

For the respondent, *James Mercer Davis.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. These two cases were tried together in the court below, and have been argued as one before us.

The following are the undisputed facts in the case: The plaintiff Coan was riding in an automobile driven by the plaintiff Hilliard along Collings avenue, in the city of Camden, on the evening of September 5th, 1926. The automobile collided with an electric light pole of the defendant company, which was near a bridge crossing Newtown creek, and both of the plaintiffs were injured. This pole was erected in the roadway; in other words, in that part of the highway which was devoted to vehicular traffic. Both plaintiffs claimed that the defendant was responsible for the injuries received by them in the collision, basing this claim upon the alleged fact that the pole had been erected in the highway without warrant of law, and brought these suits to recover compensation therefor. The trial resulted in a verdict in favor of each of the plaintiffs, and the defendant seeks to have the judgments entered thereon reversed.

The only grounds for reversal filed by the defendant (the present appellant) are that the trial court erred in denying a motion to nonsuit, and also in refusing to direct a verdict in its favor. The principal argument in support of these contentions is that the pole in question was placed in the position which it occupied with the permission of the governing body of the city of Camden; that, consequently, it was there lawfully, and that its presence in the highway imposed no liability upon the appellant for accidents such as that which was the basis of the present suits. Assuming that the city of Camden consented to the erection of the pole in the place where it was located, this fact, we consider, does not justify a reversal of the judgments for either of the reasons stated. By the first section of "An act relating to electric

light, heat and power companies" (*Pamph. L.* 1896, *p.* 322), such companies have a right to erect their poles in any street of any incorporated city, providing they obtain municipal authority for doing so, and further providing "that the same shall be so located as in no way to interfere with the safety or convenience of persons traveling on or over said roads and highways." The grant of the municipality cannot override the statute, and cannot legally authorize the erection of poles in public streets in locations which would interfere with the safety or convenience of travelers thereon. It appeared in the proofs that after the original erection of the pole there had been certain changes made in the bridge already referred to, and that this fact made it desirable, in the opinion of the municipal authorities, that some of the poles of the company should be moved from their original location, and that, pursuant to the request of the municipal officers, the pole which caused the accident had been so moved. The contention is that this action of the company was justified under section 9 of the statute of 1917 (*Pamph. L.* 1917, *p.* 407); but the statutory provision appealed to, and which authorizes the change of the location of poles, like that already referred to, declares that the right of the corporation to maintain and operate electric light poles in a new location shall be subject to the same limitation as declared in the earlier statute; that is, that the poles in their new location shall in no way interfere with the safety or convenience of persons traveling over the highway. Whether or not the appellant's pole, in its new location, constituted such a threat, and was, therefore, an illegal structure, was a question of fact, to be determined by the jury; and the refusal of the trial judge to enter a nonsuit or direct a verdict for the defendant upon the ground which we have discussed was not erroneous.

It is further argued that the court should have directed a verdict for the defendant upon the ground that the collision of the automobile with the electric light pole was the result of the joint negligence of each of these plaintiffs; that Hilliard failed in his duty to observe reasonable care while driving, and that the collision was the result of such failure; and that Coan was negligent in not observing the presence of the

pole and calling the driver's attention to it. Whether such negligence existed on the part of the two plaintiffs was clearly a question for the jury. Assuming that the pole was unlawfully in the highway, the plaintiffs had no reason, so far as the proofs show, to suspect any such obstruction to public travel at that place; and, consequently, were not required to use the same degree of care which the law would have imposed upon them if they had had knowledge of the existence of this unlawful structure.

Our conclusion is that each of the judgments under review should be affirmed.